**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Jeremy Frey**, <br><br> Plaintiff, <br><br> v. <br><br> **Majors Law Group, P.C.,** an Arizona Professional Corporation, and **Dominic Majors and Jane Doe Majors**, a married couple, <br><br> Defendant. | No. _____ <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Jeremy Frey ("Plaintiff"), sues Defendants, Majors Law Group, P.C. and Dominic Majors and Jane Doe Majors (collectively, "Defendants"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") 23-362, et seq.; and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Majors Law Group, P.C. was a professional corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Majors Law Group, P.C. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. Defendant Majors Law Group, P.C. is an Arizona Corporation, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Defendant Majors Law Group, P.C. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Majors Law Group, P.C. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Majors Law Group, P.C. is subject to liability under the FLSA.

11. Defendants Dominic Majors and Jane Doe Majors are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants

-3-

Dominic Majors and Jane Doe Majors are owners of Defendant Majors Law Group, P.C. and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Dominic Majors and Jane Doe Majors are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Dominic Majors and Jane Doe Majors are owners of Defendant Majors Law Group, P.C. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Dominic Majors and Jane Doe Majors are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors.

18. At all relevant times, Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors.

20. At all relevant times, Plaintiff was an "employee" of Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors as defined by the Arizona A.R.S. § 23-350, et seq.

21. At all relevant times, Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors were and continue to be "employers" as defined by A.R.S. § 23-350.

22. At all relevant times, Plaintiff was an "employee" of Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors as defined by A.R.S. § 23-362.

23. At all relevant times, Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors were and continue to be "employers" as defined by A.R.S. § 23-362.

-5-

24. Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25. Plaintiff, in his work for Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

26. At all relevant times, Plaintiff, in his work for Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors, was engaged in commerce or the production of goods for commerce.

27. At all relevant times, Plaintiff, in his work for Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors, was engaged in interstate commerce.

28. Plaintiff, in his work for Defendants Majors Law Group, P.C., Dominic Majors, and Jane Doe Majors, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

29. Defendants own and/or operate as Majors Law Group, an enterprise located in Maricopa County, Arizona.

30. Plaintiff was hired by Defendants as a paralegal/legal administrator in approximately March 2022.

31. Upon information and belief, Defendants, in their sole discretion, agreed to pay Plaintiff a salary of $60,000.00 per year.

-6-

32. Plaintiff worked one day for Defendants and thereafter left his employment with Defendants.

33. Plaintiff worked approximately 8 hours in his single day of work for Defendants.

34. Defendants have failed to compensate Plaintiff any wages whatsoever for the hours he worked for Defendants.

35. To date, Defendants have failed to compensate Plaintiff any wages whatsoever for the hours he spent performing work for Defendants.

36. As a result of Defendants' having willfully and improperly refused to pay Plaintiff any wages whatsoever for the hours he spent working for Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

37. As a result of Defendants' having willfully and improperly refused to pay Plaintiff any wages whatsoever for the hours he spent working for Defendants, Defendants violated 29 U.S.C. § 206(a).

38. As a result of Defendants' having willfully and improperly refused to pay Plaintiff any wages whatsoever for the hours he spent working for Defendants, Defendants have violated the AMWA, A.R.S. § 23-363.

39. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked for Defendants.

40. Defendant have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked for Defendants.

41. Defendant have and continue to violate the AWA by not paying Plaintiff wages owed for all hours worked for Defendants.

42. Plaintiff is a covered employee within the meaning of the FLSA.

43. Plaintiff is a covered employee within the meaning of the AMWA.

44. Plaintiff is a covered employee within the meaning of the AWA.

45. Plaintiff was a non-exempt employee.

46. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

47. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

48. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

49. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

50. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

51.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52.   Defendants willfully and improperly refused to pay Plaintiff any wages whatsoever for the hours he spent working for Defendants.

53.   As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

54.   Defendants' practice of willfully and improperly refusing to pay Plaintiff his paycheck for work he performed violated the FLSA, 29 U.S.C. § 206(a).

55.   Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jeremy Frey, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendant committed one of more of the following acts:

  i.   Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

  ii.   Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.  For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants willfully and improperly refused to pay Plaintiff any wages whatsoever for the hours he worked for Defendants during his employment with Defendants.

58. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

59. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

60. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to

twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jeremy Frey, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

  i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

  ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES OWED

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for the hours he spent working for Defendants during the final pay period of his employment with Defendants.

63. Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

64. Plaintiff is therefore entitled to compensation for all applicable wages at an hourly rate, to be proven at trial, in an amount treble the unpaid wages, together with interest, and costs of this action.

**WHEREFORE**, Plaintiff, Jeremy Frey, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B. For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest;

D. For the Court to award Plaintiff reasonable attorneys' fees and costs;

E. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 8th Day of September, 2022.

        BENDAU & BENDAU PLLC

        By: /s/ *Christopher J. Bendau*
        Clifford P. Bendau, II
        Christopher J. Bendau
        *Attorney for Plaintiff*

## **VERIFICATION**

Plaintiff, Jeremy Frey, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.


Jeremy Frey (Sep 8, 2022 18:16 PDT)
Jeremy Frey